UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| LEE E. WEILEP, | ) | No. CV-09-48-CI |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, | ) | AND DENYING PLAINTIFF'S |
| Commissioner of Social | ) | MOTION FOR SUMMARY JUDGMENT |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 19.)  Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Michael S. Howard represents Defendant.  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.)  After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

### JURISDICTION

Plaintiff Lee E. Weilep (Plaintiff) protectively filed for social disability income benefits (DIB) and social security income (SSI) on March 1, 2006. (Tr. 62, 112, 361.)  Plaintiff alleged an onset date of February 1, 2006.  (Tr. 62, 361.)  Benefits were denied initially and on reconsideration.  (Tr. 34, 38.)  Plaintiff requested a hearing

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on March 19, 2008. (Tr. 374-96.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 376-90.) Vocational expert K. Diane Kramer also testified. (Tr. 390-95.) The ALJ denied benefits (Tr. 14-28) and the Appeals Council denied review. (Tr. 2.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 50 years old. (Tr. 376.) Plaintiff did not graduate from high school but obtained a GED. (Tr. 376.) He has work experience as a welder and a welder fabricator. (Tr. 116.) Plaintiff testified he stopped working on February 1, 2006, when he was diagnosed with multiple sclerosis. (Tr. 378.) Additionally, Plaintiff testified he has a problem with his right arm due to carpal tunnel syndrome, "framer's elbow," or multiple sclerosis. (Tr. 384.) Plaintiff has been treated for depression. (Tr. 386.) Plaintiff has a history of regular marijuana use. (Tr. 252, 383.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

1  Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-
2  1230 (9th Cir. 1987).

3  <center>**SEQUENTIAL PROCESS**</center>

4      The Social Security Act (the "Act") defines "disability" as the
5  "inability to engage in any substantial gainful activity by reason of
6  any medically determinable physical or mental impairment which can be
7  expected to result in death or which has lasted or can be expected to
8  last for a continuous period of not less than twelve months."  42
9  U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides that
10 a Plaintiff shall be determined to be under a disability only if his
11 impairments are of such severity that Plaintiff is not only unable to
12 do his previous work but cannot, considering Plaintiff's age,
13 education and work experiences, engage in any other substantial
14 gainful work which exists in the national economy.  42 U.S.C. §§
15 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability
16 consists of both medical and vocational components.  *Edlund v.*
17 *Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

18     The Commissioner has established a five-step sequential
19 evaluation process for determining whether a claimant is disabled.  20
20 C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is
21 engaged in substantial gainful activities.  If the claimant is engaged
22 in substantial gainful activities, benefits are denied.  20 C.F.R. §§
23 404.1520(a)(4)(I), 416.920(a)(4)(I).

24     If the claimant is not engaged in substantial gainful activities,
25 the decision maker proceeds to step two and determines whether the
26 claimant has a medically severe impairment or combination of
27 impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If
28 the claimant does not have a severe impairment or combination of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then

shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 1, 2006, the alleged onset date. (Tr. 16.) At step two, he found Plaintiff has the following severe impairments: multiple sclerosis, carpal tunnel syndrome, and hearing loss. (Tr. 16.) At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 22.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally engage in stooping, crouching, crawling, kneeling, and balancing.  He can occasionally climb ramps or stairs, but should avoid climbing ladders, ropes, or scaffolds.  He should avoid exposure to hazards such as heights and moving machinery.  He should avoid concentrated exposure to noise and would do best in a quiet work setting.

(Tr. 23.) At step four, the ALJ found Plaintiff is unable to perform past relevant work.  (Tr. 26.)  After considering Plaintiff's age, education, work experience, and residual functional capacity and the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (Tr. 26.)  Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2006, through the date of the decision.  (Tr. 27.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, Plaintiff asserts the ALJ: (1) failed to properly assess Plaintiff's physical and mental limitations; and (2) failed to properly reject the opinions of treating and examining physicians.  (Ct. Rec. 14 at 11-19.) Defendant argues the ALJ: (1)properly assessed Plaintiff's physical and mental impairments; and (2) properly evaluated the medical evidence.  (Ct. Rec. 20 at 4-12.)

**DISCUSSION**

**1.   Opinion Evidence**

**A.   James Pittman, Ph.D., ARNP**

Plaintiff argues that the ALJ adopted the opinion of Nurse Pittman, a treating nurse practitioner, but failed to include all of limitations identified by Nurse Pittman in the RFC and hypothetical to the vocational expert.[1] (Ct. Rec. 14 at 12-15.)  Plaintiff began seeing Nurse Pittman in February 2004 and made frequent office visits in 2006 and 2007.  (Tr. 195-248, 263, 264-88.)  In June 2006, Nurse Pittman completed a DSHS physical evaluation form.  (Tr. 260-63.)  He diagnosed multiple sclerosis, epicondylitis of the right arm, and

---

[1]It is noted that while Mr. Pittman apparently has a Ph.D. and therefore may be addressed as "Dr. Pittman," it appears he is evidently not a medical doctor or psychologist.  His letterhead describes him as family nurse practitioner, and his medical notes are signed or initialed as "ARNP" rather than "Dr."  (Tr. 195-221, 260-88.)  As such, Mr. Pittman is referenced by the court as "Nurse Pittman" to avoid confusion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

depression. (Tr. 262.) He indicated multiple sclerosis caused marked interference with the ability to perform some basic work activities, epicondylitis caused moderate interference in the ability to handle and carry, and depression caused moderate interference in the ability to communicate and understand or follow directions. (Tr. 262.) Nurse Pittman stated that Plaintiff should not engage in repetitive use of the right arm as well as no climbing ladders or walking around moving dangerous machinery. (Tr. 262.) He opined Plaintiff's overall work level was limited to "light." (Tr. 262.)

Six months later, in December 2006, Nurse Pittman completed a second DSHS physical evaluation form. (Tr. 331-34.) In that evaluation, Nurse Pittman listed diagnoses of multiple sclerosis causing moderate interference with walking, depression causing moderate interference with communicating and understanding or following directions, and hypertension causing only mild interference with work related activities. (Tr. 333.) Dr. Pittman opined Plaintiff was limited to light work and identified one restriction related to Plaintiff's balance. The ALJ "largely adopted" Nurse Pittman's opinion, but rejected the diagnosis of depression and restriction upon use of the right arm due to chronic epicondylitis. (Tr. 25.)

In a disability proceeding, the ALJ must consider the opinions of acceptable medical sources. 20 C.F.R. §§ 404.1527(d), 416.927(d); S.S.R. 96-2p; S.S.R. 96-6p. Acceptable medical sources include licensed physicians and psychologists.[2] 20 C.F.R. §§ 404.1513(a),

---

[2]Other acceptable medical sources are licensed podiatrists and optometrists and qualified speech-language pathologists, in their

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

416.913(a).   In addition to evidence from acceptable medical sources, the ALJ may also use evidence from "other sources" including nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d).

Social Security Ruling 06-3p summarizes regulations providing that only an acceptable medical source can: (1) establish the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source.  Evidence from other sources can be used to determine the severity of an impairment and how it affects the ability to work.  S.S.R. 06-3p; 20 C.F.R. §§ 404.1513(d), 416.913(d).  "Information from other sources cannot establish the existence of a medically determinable impairment. . . . However, information from 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."  S.S.R. 06-3p.

In evaluating the evidence, the ALJ should give more weight to the opinion of an acceptable medical source than that of an "other source."  20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).  However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

An ALJ must give reasons "germane" to "other source" testimony

respective areas of specialty only.  20 C.F.R. §§ 404.1513(a), 416.913.(a).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993). It is appropriate to discount lay testimony if it conflicts with medical evidence. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). Lay testimony can never establish disability absent corroborating competent medical evidence. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ gave two reasons for rejecting the epicondylitis diagnosis and limitation on repetitive use. First, the ALJ pointed out that nerve conduction studies were not consistent with neuropathy in the elbow. (Tr. 22, 26.) Inconsistency with medical evidence is a germane reason for rejecting lay witness evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). According to Dr. Pugh, Plaintiff's neurologist, a nerve conduction study in June 2006 showed moderate carpal tunnel in the right hand. (Tr. 19, 160, 171.) Dr. Ventners, an orthopedist, could not reproduce any of Plaintiff's carpal tunnel symptoms on examination and diagnosed carpal tunnel syndrome by history and EMG. (Tr. 20, 313.) He suggested splinting and noted that Plaintiff would probably not be symptomatic enough to require operation. (Tr. 20, 313.) Nurse Pittman's epicondylitis diagnosis and limitation on repetitive movement is not supported by the medical evidence. As a result, the inconsistency between Nurse Pittman's assessed limitation and the medical evidence is a germane reason for rejecting the limitation on repetitive use.

A second reason noted by the ALJ in rejecting Nurse Pittman's limitation on repetitive use is that Nurse Pittman did not mention the diagnosis of epicondylitis or the limitation on repetitive use in his December 2006 evaluation. (Tr. 26.) This suggests Nurse Pittman no longer considered Plaintiff's right arm to be an issue and a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –10

limitation on repetitive use was no longer necessary.  This is a legitimate and germane reason for rejecting the limitation assessed by Nurse Pittman in the June 2006 evaluation.  The ALJ supplied two legally sufficient and germane reasons in rejecting Nurse Pittman's right arm limitation and, thus, the ALJ did not err.

The ALJ also rejected Nurse Pittman's diagnosis of depression. (Tr. 26.)  The ALJ noted that depression was not diagnosed by two examining psychologists, Dr. Genthe or Dr. Dalley,[3] and thus Nurse Pittman's diagnosis is in conflict with other psychological evidence. (Tr. 17-18, 20, 26, 156-58, 251-55.)  Again, inconsistency with other medical evidence is a germane reason justifying rejection of lay witness evidence.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Thus, the ALJ cited a germane reason for rejecting Nurse Pittman's diagnosis of depression.  Even if the ALJ did not provide an adequate reason germane to Nurse Pittman for rejecting the depression diagnosis, as an "other source," Nurse Pittman's opinion may not establish depression as a medically determinable impairment.  *See* S.S.R. 06-3p; 20 C.F.R. §§ 404.1513(d), 416.913(d).  Thus, the court concludes the ALJ properly considered and rejected Nurse Pittman's

---

[3]A psychological examination report was prepared and signed by Sean Caldwell, M.S. candidate, and Brooke Sjostrom, M.S., LMHC.  Dr. Dalley also signed the report and adopted as his own the contents and conclusions of the report.  For simplicity, the report is referenced as Dr. Dalley's opinion.  Additionally, Dr. Dalley's report notes Plaintiff endorses symptoms consistent with a depressive disorder diagnosis, but it could not be determined if the depressive symptoms are independent of the effects of marijuana.  (Tr. 254.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

opinion with respect to the depression diagnosis.

The ALJ properly rejected Nurse Pittman's diagnoses of depression and epicondylitis with a limitation on repetitive use.   The ALJ provided germane reasons for rejecting portions of Nurse Pittman's opinion.    The ALJ's conclusions are reasonable and based on substantial evidence in the record.   Thus, the ALJ did not err.

**B.   Dr. Kayleen Islam-Zwart**

Plaintiff argues the ALJ improperly rejected the opinion of Kayleen Islam-Zwart, Ph.D., an examining psychologist. (Ct. Rec. 14 at 18-19.)   In Dr. Islam-Zwart's report dated May 11, 2007, she diagnosed undifferentiated somatoform disorder, cannabis dependence, antisocial personality disorder, and rule out cognitive disorder not otherwise specified.  (Tr. 335-38.)  Dr. Islam-Zwart stated:

> Based on medical records, it appears that Mr. Weilep's primarily [sic] impediment to employment is his physical problems; however, his ability to work is further compromised by his antisocial traits, depressive symptoms, and reported memory and concentration problems. Mr. Weilep's presentation is such that he is clearly unable to work at this time. . . . Although Mr. Weilep's problems do not appear a result of his marijuana use, it seems in his best interest to achieve and maintain abstinence from marijuana.

(Tr. 338.)  On the same date, Dr. Islam-Zwart also completed a DSHS psychological/psychiatric evaluation form.    (Tr. 339-42.)    She assessed one moderate cognitive functional limitation, one moderate social functional limitation, and four marked social functional limitations.  (Tr. 341.)   The ALJ rejected the diagnoses made by Dr. Islam-Zwart.  (Tr. 22, 26.)

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states "specific," "legitimate" reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Dr. Islam-Zwart's opinion is contradicted by the opinions of Dr. Genthe and Dr. Dally, two other examining psychologists. (Tr. 17-18, 20, 26, 156-58, 251-55.) Thus, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence to properly reject Dr. Islam-Zwart's opinion. The ALJ provided several specific, legitimate reasons for rejecting Dr. Islam-Zwart's opinion.

First, the ALJ noted that Dr. Islam-Zwart's diagnoses of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

personality disorder, somatoform disorder, and rule out cognitive disorder are not diagnosed by any other source in the record. (Tr. 22.) More specifically, the ALJ pointed out that objective tests by Dr. Genthe revealed no cognitive impairments and testing by Dr. Dalley indicated no cognitive impairments with only moderate impairments on the Trails B test. (Tr. 22, 158, 253.) By contrast, Dr. Islam-Zwart reported Trails A showed moderate impairment and Trails B showed severe impairment with indications of cognitive difficulties.[4] (Tr. 337.) Where medical reports are inconclusive or conflicting, questions of credibility and resolution of conflicts are functions of

---

[4]Plaintiff asserts,

Dr. Islam-Zwart was the only doctor who completed objective tests of Mr. Weilep, as well as interviewed him, and assessed his ability to do work activities. Dr. Genthe did not complete objective tests nor did he assess Mr. Weilep's ability to do work activities. Brooke Sjostrom was not a psychologist and, therefore, her opinion with regard to Mr. Weilep's psychological impairments was not prepared by an acceptable medical source.

(Ct. Rec. 14 at 18-19.) Dr. Genthe interviewed Plaintiff and administered a mini mental status exam. (Tr. 157-58.) As discussed in footnote 3 above, Dr. Dalley adopted the work of his colleagues as his own, and therefore the opinion signed by Brooke Sjostrom and Dr. Dalley is the opinion of an acceptable medical source. Dr. Dalley's opinion contains the results of a mini mental status exam, Trails A & B, MMPI-2, and work potential profile as well as information obtained from personal interview. (Tr. 251-52.) Dr. Islam-Zwart administered a mental status exam, PAI, fifteen item memory tests and Trails A & B. (Tr. 336-37.) The implication that the opinions of Dr. Genthe and Dr. Dalley are not supported by objective testing or that Dr. Islam-Zwart's testing is more complete is not supported by the evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

the ALJ. *Morgan v. Comm'r*, 169 F.3d 595, 601 (9th Cir. 1999). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Here, Dr. Islam-Zwart's test results and conclusions conflict with the results of two other examining psychologists. The ALJ's resolution of the conflict is supported by other evidence in the record, and was a reasonable resolution of the conflict.

Second, the ALJ pointed to Dr. Islam-Zwart's opinion that Plaintiff's primary impediment to employment is physical, not psychological. (Tr. 22.) Dr. Islam-Zwart deferred medical diagnosis to Plaintiff's medical providers, but opined that his "primary impediment to employment is his physical problems . . ." (Tr. 338.) Dr. Islam-Zwart is not a medical doctor and is, therefore, not qualified to assess the medical as opposed to the psychological aspects of Plaintiff's condition. *See, e.g., Brosnahan v. Barnhart*, 336 F.3d 671, 676 (8th Cir. 2003) (psychologist opinion properly rejected in part because it was based on consideration of physical impairments); *Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001) (psychologist not qualified to opine regarding disability based on underlying physical conditions). Dr. Islam-Zwart based her opinion that Plaintiff was not able to work on the mixture of physical and psychological problems, which went beyond the area of her expertise. Thus, the ALJ's second reason for rejecting Dr. Islam-Zwart's opinion was a specific, legitimate reason supported by the evidence.

Third, the ALJ noted that Dr. Islam-Zwart did not feel Plaintiff's ongoing marijuana use was a problem, while Dr. Genthe and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

Dr. Dalley both suggested substance abuse contributed to his problems.[5]
(Tr. 22.) Again, the ALJ is the proper arbiter of conflicting
evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).
The ALJ determined the opinions of Dr. Dalley and Dr. Genthe were in
conflict with Dr. Islam-Zwart's opinion and reasonably determined that
Dr. Islam-Zwart's opinion should be rejected.

Substantial evidence supports the ALJ's conclusion that Dr.
Islam-Zwart's opinion should be rejected. The court must uphold the
ALJ's decision where the evidence is susceptible to more than one
rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th
Cir. 1989). The opinions of two examining psychologists support the

---

[5]It is noted that only when the ALJ finds the claimant disabled
and there is evidence of substance abuse should the ALJ assess the
effects of substance abuse on claimant's conditions. *Bustamante v.
Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). In highlighting the
opinions of Dr. Genthe, Dr. Dalley and Dr. Islam-Zwart regarding
Plaintiff's marijuana use, the ALJ's comments suggest they were
considered to the extent they reflect on the consistency of the
reports and as explanatory information, not as analysis as to the
effect of Plaintiff's substance abuse on his limitations. Even if the
ALJ erred by considering the psychologist's comments regarding
substance abuse, the error is harmless because the ALJ provided other
specific, legitimate reasons for rejection Dr. Islam-Zwart's opinion.
Errors that do not affect the ultimate result are "harmless." *See
Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*,
925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human
Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -16

ALJ's conclusions, and Dr. Islam-Zwart's opinion was properly rejected as inconsistent with other evidence.

**2.    Step Two**

Plaintiff argues the ALJ improperly failed to find that depression and epicondylitis are severe impairments. (Ct. Rec. 14 at 14, 18.)   At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities.   20 C.F.R. § 416.920(c).   To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.   20 C.F.R. § 416.908.   The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations.   *See, e.g.,* *Edlund*, 253 F.3d at 1159-60; *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two.   Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."   S.S.R. 85-28.   The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).   "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -17

in most jobs." S.S.R. 85-28.  Basic work activities include: "walking,
standing, sitting, lifting, pushing, pulling, reaching, carrying, or
handling; seeing, hearing, and speaking; understanding, carrying out
and remembering simple instructions; responding appropriately to
supervision, coworkers and usual work situations; and dealing with
changes in a routine work setting." *Id.*   As explained in the
Commissioner's policy ruling, "medical evidence alone is evaluated in
order to assess the effects of the impairments on ability to do basic
work activities." *Id.*   Thus, in determining whether a claimant has a
severe impairment, the ALJ must evaluate the medical evidence.

   **A.   Epicondylitis**

   Plaintiff argues he set forth "ample evidence consisting of
signs, symptoms, and laboratory findings proving the existence of his
epicondylitis and carpal tunnel syndrome."[6]   (Ct. Rec. 14 at 14.)

_____

   [6]The ALJ found Plaintiff's carpal tunnel syndrome is a severe
impairment.   (Tr. 16.)   Plaintiff does not argue he has any
limitations due to carpal tunnel syndrome other than the restriction
on repetitive movement of the right arm which was rejected by the ALJ,
and the record does not support restrictions.   Although the nerve
conduction study done by Dr. Pugh in June 2006 showed moderate carpal
tunnel syndrome, Dr. Pugh cleared Plaintiff to go back to work with no
restrictions.   (Tr. 315.)   Dr. Venters, an orthopedist consulted
regarding carpal tunnel syndrome at Dr. Pugh's request, noted Dr.
Pugh's opinion that Plaintiff could return to work but did not add any
work restrictions due to carpal tunnel syndrome.   (Tr. 313.)
Furthermore, as the ALJ noted, physical examinations have shown normal
strength and sensation in the upper extremities and neurological

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -18

Plaintiff relies on the diagnoses of epicondylitis by Nurse Pittman, as it is the only diagnosis of that condition in the record. (Ct. Rec. 14 at 13-14.)   Although Nurse Pittman assessed a limitation on repetitive use of the right arm and listed a diagnosis of epicondylitis in the June 2006 evaluation, by December 2006 no such diagnosis or limitation appeared on his physical evaluation report. (Tr. 262, 333.)   Even if symptoms of epicondylitis continued to be an issue after June 2006, Nurse Pittman indicated Plaintiff was capable of light work and noted no restrictions related to the right arm. (Tr. 333-34.)   Furthermore, as discussed above, Nurse Pittman's diagnosis of epicondylitis and assessment of a restriction related to that condition were properly rejected by the ALJ.   Because there is no creditable evidence of any work-related limitations due to epicondylitis, the ALJ reasonably determined it is imposing no more than a minimal limitation upon Plaintiff's work-related activities and appropriately concluded it is not a severe impairment.

**B.   Mental Impairment**

Plaintiff argues he set forth "numerous records consisting of signs, symptoms and laboratory findings proving the existence of his mental impairment." (Ct. Rec. 14 at 15.)   In support, Plaintiff cites the diagnosis of depression by Nurse Pittman and the diagnoses of somatoform disorder, antisocial personality disorder and rule out cognitive disorder made by Dr. Islam-Zwart, whose psychological diagnoses and limitations were properly discredited by the ALJ.

Other evidence cited by Plaintiff includes diagnoses of depression by Teri Tupper, ARNP, and John Billings, MS.   Ms. Tupper

workups have been almost completely normal. (Tr. 22, 232, 313, 315.)

saw Plaintiff periodically at the Rockwood Clinic and noted symptoms of depression and listed it as a diagnosis on occasion.  (Tr. 302, 304, 306, 309-10.)  Mr. Billings provided counseling services in January, February and March 2008 and treated Plaintiff for major depressive disorder, recurrent and moderate, and for attention deficit hyperactivity disorder, predominantly inattentive type. (Tr. 22, 347-57.)  As noted above, only an acceptable medical source can establish the existence of a medically determinable impairment.  S.S.R. 06-3p; 20 C.F.R. §§ 404.1513(d), 416.913(d).  Mr. Billings and Ms. Tupper are both "other sources"  and their opinions therefore cannot establish the existence of a medically determinable impairment.  There is no diagnosis of depression from an acceptable medical source in the record.

Furthermore, neither Mr. Billings nor Ms. Tupper discussed work-related limitations or how it affects Plaintiff's ability to function. As a result, the evidence of depression from these other sources is of limited support.  The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Thus the ALJ did not err by declining to include depression as a severe impairment or by failing to assign weight to the mental diagnoses and evidence from Mr. Billings and Ms. Tupper.

The ALJ properly declined to find depression is a severe impairment because no acceptable medical source established the diagnoses.  Further, the only evidence of mental limitations from an acceptable medical source has been properly rejected by the ALJ.  The ALJ's determination that any work-related limitations due to mental health issues are minimal is supported by substantial evidence and the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –20

1  ALJ did not err.

2  **CONCLUSION**

3      Having reviewed the record and the ALJ's findings, this court

4  concludes the ALJ's decision is supported by substantial evidence and

5  is not based on error.  Accordingly,

6      **IT IS ORDERED:**

7      1.   Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is

8  **GRANTED.**

9      2.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

10 **DENIED.**

11     The District Court Executive is directed to file this Order and

12 provide a copy to counsel for Plaintiff and Defendant.  Judgment shall

13 be entered for Defendant and the file shall be **CLOSED.**

14     DATED January 25, 2010.

15

16                    ___S/ CYNTHIA IMBROGNO___
                   UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –21